# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

KATHY ANN JONES,
      Appellant,

     v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DC-0351-16-0049-I-1

DATE: July 8, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Smith</u>, Columbia, Maryland, for the appellant.

<u>Michael A. Egan</u>, Fort McNair, Virginia, for the agency.

<u>Rebecca Bedford</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her alleged involuntary resignation for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant held an Assistant Inspector General position at the agency's Office of Inspector General.  Initial Appeal File (IAF), Tab 14 at 17.  Her assigned duty station was Fort Meade, Maryland.  *Id.*  On July 21, 2015, the agency identified the position she held for abolishment through a reduction-in-force (RIF) action.  *Id.* at 28.  However, during the RIF proceedings, the agency deemed the appellant to have a higher standing within her competitive level than that of an Assistant Inspector General assigned to Fort Belvoir, Virginia.  *Id.* at 25.  As a result, on August 3, 2015, the agency directed the appellant's reassignment to the Fort Belvoir position, thereby displacing the employee who held that position pursuant to RIF procedures.  *Id.*  In its letter informing the appellant of the directed reassignment, the agency advised her that, if she refused the reassignment, it would separate her from Federal service.  *Id.* The agency also advised her that refusal to accept the reassignment would make her ineligible for severance pay and that she would not be permitted to register

for the Priority Placement Program. *Id.* The appellant declined the directed reassignment and resigned, effective October 3, 2015. *Id.* at 22. Consequently, the agency informed the employee who was holding the Assistant Inspector General position at Fort Belvoir that she could remain in the position. *Id.* at 19.

¶3      The appellant appealed her resignation to the Board, primarily arguing that the agency forced her to resign because the reassigned position at Fort Belvoir was outside her local commuting area. IAF, Tab 1 at 6. The administrative judge advised the appellant of her jurisdictional burden, IAF, Tab 12, held a jurisdictional hearing, IAF, Tab 29, and issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 31, Initial Decision (ID). The administrative judge found that the appellant failed to show that her resignation was the product of coercion, duress, or misrepresentation on the part of the agency, or that her working conditions were so intolerable that a reasonable person in her position would have felt compelled to resign. ID at 8-11. As to her argument that Fort Belvoir was outside the local commuting area, the administrative judge found that, even if correct, this factor alone would not be enough to show that the appellant had no choice but to resign. ID at 10-11. He additionally found that the Board lacked jurisdiction over the appellant's independent claims concerning her lateral reassignment, the agency's decision to deny her priority placement and severance pay, and disability discrimination. ID at 8, 11. The appellant has filed a petition for review, and the agency has replied in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion, or shows that a reasonable person would have been misled by the agency. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59,

¶ 8 (2009). In cases such as this one, when the employee alleges that the agency took actions that made working conditions so intolerable that the employee was driven to an involuntary resignation, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Id.*

¶5        In her petition for review, the appellant reasserts her contention that her resignation was involuntary because the Fort Belvoir position was outside her local commuting area.[2] PFR File, Tab 1 at 1. First, we agree with the administrative judge's explanation that, for purposes of the RIF, the agency did not attempt to reassign the appellant to a location outside of the local commuting area. ID at 10. Specifically, the administrative judge found, and we agree, based on the totality of the evidence presented below, that the distance between Fort Meade and Fort Belvoir was not so great as to be beyond what employees could "reasonably be expected to travel back and forth daily to their usual employment." *Id.* (quoting 5 C.F.R. § 351.203). Second, and significantly, we agree with the administrative judge's conclusion that, even if the Fort Belvoir position was outside the local commuting area as the appellant contends, she did not present evidence to show that she had no choice but to resign rather than accept the reassignment. ID at 10-11. The record reflects that the administrative judge considered the appellant's arguments concerning the extended daily

---

[2] The appellant has not challenged the administrative judge's findings that the Board lacked jurisdiction over her lateral reassignment, priority placement, severance pay, and disability discrimination claims, ID at 8, 11, and we discern no reason to disturb these findings on review.

commute, including her alleged nighttime vision problems, and properly concluded that "the mere fact that the appellant was faced with unpleasant choices, i.e., that of accepting a position 53 miles away or resigning, does not, by itself, render her decision to resign involuntary."  ID at 6-11; *see, e.g.*, *Christie v. United States*, 518 F.2d 584, 587-88 (Ct. Cl. 1975); *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (explaining that allegations of being assigned to onerous tasks, being unjustifiably threatened with discipline, and being subjected to unnecessary investigations did not suffice to prove an allegation of involuntary resignation).  For example, we note that, instead of resigning, the appellant could have chosen to refuse to accept the directed reassignment and challenged any possible disciplinary action the agency may have taken as a result of that refusal.  Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.